THE CORYDON     *C. H. Test* and *C. B. Smith,* for the plaintiff.
STEAM-MILL
COMPANY     *D. Kilgore* and *J. S. Newman,* for the defendant.
v.
PELL.

THE CORYDON STEAM-MILL (̶l̶o̶w̶m̶m̶m̶ *v.* PELL.

In a suit by *The Corydon Steam-Mill Company* for an instalment on stock subscribed for in the company, the declaration should state by whom the subscription was received, and should allege that notice to pay the instalment had been given agreeably to the charter.

*Monday,*     ERROR to the *Harrison* Circuit Court.
*May 28.*
BLACKFORD, J.—This was an action of debt brought by *The Corydon Steam-Mill Company* for a certain sum of money, alleged to be due from the defendant to the plaintiffs for stock in the mill. There were originally six counts in the declaration, but the fourth was withdrawn.

The first count states, that the defendant had agreed in writing to take six shares of stock in the mill, each share being 50 dollars, and that, by means thereof, he had become liable to pay for the same; that the defendant had paid five dollars on each share, but had refused to pay the residue; that the directors, by advertisements posted up at five of the most public places in the county, pursuant to the statute, had required the defendant to pay the balance due on the stock, but that he had refused to do so. The second count relates to four shares of the stock, and is the same as the first count, except that it states the defendant to be the assignee of the original owner of these shares. The third is a general count. It states that the defendant was indebted to the plaintiffs in a certain sum, for the balance due on six shares of the stock subscribed for and held by the defendant, and for the balance on four shares of the stock subscribed for by one *Abraham Pell* and transferred to the defendant, then due and payable on demand; and that, by reason of the premises, an action had accrued, &c. The fifth count is similar to the first, and the sixth is similar to the second.

General demurrer to the declaration and judgment for the defendant.

There is one valid objection to the first, second, fifth, and sixth counts. They do not show with whom the contract for taking the stock was made. According to the charter of the company, the commissioners were to receive subscriptions for the stock until the directors were appointed; and after that, the directors were to receive the subscriptions. Stat. 1834, p. 85. The counts in question being for the non-payment of stock, and not stating by whom the subscription for the stock was received, cannot be supported. They are founded on a breach of contract, and ought certainly to have shown with whom the contract was made. There are some other objections made to these counts, but they are not well founded.

There is a valid objection, also, to the third count. The instalments for stock subscribed for in the company, which are the foundation of this count, were not payable by the charter, unless a previous notice of 30 days to pay the same had been given to the defendant. No count, therefore, for any such instalment can be good, which does not allege that the notice to pay the same had been given conformably to the charter. The third count contains no such allegation of notice, and is for that reason defective.

DEWEY, J. having been concerned as counsel was absent.

Per Curiam.—The judgment is affirmed with costs. To be certified, &c.

J. W. Payne and R. W. Thompson, for the plaintiffs.

H. P. Thornton, for the defendant.